DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6767
    FAX: (415) 436-7234
    alexandra.shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3: 20-MJ-71726 MAG |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER EXCLUDING RULE 5 AND SPEEDY TRIAL TIME FROM DECEMBER 14, 2020 TO FEBRUARY 1, 2021 |
| v. | |
| GAGE PASCOE, | |
| Defendant. | |

The parties, through their counsel of record, stipulate as follows:

On December 14 and 22, 2020, the Court held a detention hearing for Gage Pascoe, who stands charged by Complaint with distribution of narcotics resulting in death or great bodily injury, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). On December 22, 2020, the Court set the next appearance in the case for February 1, 2021.

STIPULATION AND [PROPOSED] ORDER

The parties are currently discussing a resolution to this case. The government has produced a significant amount of discovery in this case, and plans to produce more discovery in the near future. Therefore, the parties hereby stipulate and agree:

1. The time between December 14, 2020 and February 1, 2021, should be excluded under the Speedy Trial Act because failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. *See id.* § 3161(h)(7)(A).

2. Taking into account the public interest in the prompt disposition of criminal cases, there is good cause to extend the time limits under Federal Rule of Criminal Procedure 5.1(c). Accordingly, the time limits for conducting a preliminary hearing are tolled from December 14, 2020, until February 1, 2021.

IT IS SO STIPULATED.

Dated: December 22, 2020            /s/ _____
                                    Elisse Larouche
                                    Attorney for Defendant Gage Pascoe

Dated: December 22, 2020            /s/
                                    Alexandra Shepard
                                    Assistant United States Attorney

STIPULATION AND [PROPOSED] ORDER

**[~~PROPOSED~~] ORDER**

Based upon the representation of counsel and for good cause shown, the Court finds that failing to exclude the time between December 14, 2020 and February 1, 2021, would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time between December 14, 2020 and February 1, 2021 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. The Court also finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

Therefore, IT IS HEREBY ORDERED that the time between December 14, 2020 and February 1, 2021 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Federal Rule of Criminal Procedure 5.1.

DATED: December 23, 2020

_____
HONORABLE LAUREL BEELER
United States Magistrate Judge